UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JAMES E. FLAHERTY and MARIANNE B. FLAHERTY,

        Plaintiffs,

- v. -

COUNTY OF SUFFOLK, PAT MAHONEY, SUFFOLK COUNTY SHERIFF, ROBERT GAFFNEY, SUFFOLK COUNTY EXECUTIVE, SUFFOLK COUNTY DEPARTMENT OF HEALTH SERVICES, CLAIRE B. BRADLEY, M.D., M.P.H. COMMISSIONER, SUFFOLK COUNTY DEPARTMENT OF HEALTH SERVICES, THOMAS O. MACGILVRAY, DIRECTOR OF SUFFOLK COUNTY DIVISION OF COMMUNITY MENTAL HYGIENE SERVICES, WILLIAM PACKARD, M.D. SUFFOLK COUNTY C.P.L. 730 EXAMINING PSYCHIATRIST, NICHOLAS AIELLO, Ph. D., SUFFOLK COUNTY C.P.L. 730 EXAMINING PSYCHOLOGIST, TOWN OF SOUTHAMPTON, SOUTHAMPTON TOWN JUSTICE COURT, BARBARA WILSON, TOWN JUSTICE DAVID GILMARTIN, SOUTHAMPTON TOWN ATTORNEY, MARK _____, TOWN JUSTICE COURT OFFICER, SOUTHAMPTON TOWN JUSTICE COURT CLERK, PAT _____, TOWN JUSTICE COURT OFFICER,

        Defendants.

---

**ORDER**
01-CV-4872 (ADS)(WDW)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUL 15 2004   ★

LONG ISLAND OFFICE

P-049

**APPEARANCES:**

**JAMES E. FLAHERTY AND MARIANNE B. FLAHERTY**
*Pro Se* Plaintiffs
P.O. Box 257
Riverhead, New York 11901

**CHRISTINE MALAFI**
**SUFFOLK COUNTY ATTORNEY**
Attorneys for the Defendants County of Suffolk, Suffolk County Sheriff Pat Mahoney, Suffolk County Executive Robert Gaffney, Suffolk County Department of Health Services, Commissioner of the Suffolk County Department of Health Services Claire B. Bradley, Director of Suffolk County Division of Community Mental Hygiene Services Thomas O. MacGilvray, Suffolk County C.P.L. Examining Psychiatrist William Packard, Suffolk County C.P.L. Examining Psychologist Nicholas Aiello, (the "Suffolk County Defendants")
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
    By:    Assistant County Attorney Thomas D. Luciano

**MICHAEL T. CLIFFORD & ASSOCIATES, P.L.L.C.**
Attorneys for the Defendants Town of Southampton, Southampton Town Justice Court, Town Justice Barbara Wilson, Southampton Town Attorney David Gilmartin, Town Justice Court Officer Mark _____, Southampton Town Court Clerk, and Town Clerk Officer Pat _____ (the "Southampton Defendants")
18 First Street, P.O. Box 479
Riverhead, New York 11901
    By:    Kelly A. Clifford, Esq., Of Counsel

**SPATT, District Judge.**

This action arises out of claims by James E. Flaherty ("Flaherty") and

Marianne B. Flaherty (the "plaintiffs"), proceeding *pro se*, that the Suffolk County

Defendants and the Southampton Defendants (collectively, the "defendants") violated

2

P-049

42 U.S.C §§ 1983, 1985, and The Americans With Disabilities Act (the "ADA"), 42 U.S.C.§ 12101 *et seq.* The plaintiffs also assert state law causes of action for, among other matters, breach of a "Forbearance Contract," fraud, malicious prosecution and abuse of process. Presently before the Court are three motions: (1) a motion by the Southampton Defendants to dismiss the amended complaint pursuant to Rules 8 and 12(b)(6); (2) a motion by the Suffolk County Defendants to dismiss the amended complaint pursuant to Rules 8 and 12(b)(6); and (3) a motion by the plaintiff to stay the proceedings "due to recent physical injuries which have operated to cause shortage of funds needed to prosecute action."

## I.   BACKGROUND

On July 23, 2001, James E. Flaherty filed a 24 page complaint containing 68 numbered paragraphs with 13 requests for relief and 26 pages of exhibits marked A through R. The complaint sought declaratory and injunctive relief concerning the request by Flaherty that he should have been permitted to use a tape recorder at his competency examination held pursuant to New York Criminal Procedure Law § 730. In an order dated July 24, 2003, the Court granted the defendants' motions to dismiss the complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") with leave to the plaintiff to serve an amended complaint. On August 29, 2003, the plaintiffs filed a 65 page "Amended Complaint with Supplemental Claims" containing more than 310 numbered paragraphs with 15

3

requests for relief and 26 exhibits totaling more than 50 pages.

Although not a model of clarity, the amended complaint appears to set forth the following facts, which are assumed to be true for the purposes of the motions to dismiss.

On July 26, 2000 Flaherty was involved in a motor vehicle accident and was "seriously injured." Because of these injuries, Flaherty was unable to attend a court appearance in the Town of Southampton Justice Court (the "Justice Court"). On or about July 28, 2000, Marianne Flaherty telephoned Southampton Town Attorney David Gilmartin and asked for an "adjournment of *any* and *all* cases in which [Flaherty] was in involved . . . in the capacity of either supoened [sic] *witness*, - - - or *party* to the proceeding, until [Flaherty] fully recovered from the effects of injuries to him, arising from the [Accident]." Am. Compl. ¶ 39. Pursuant to the direction of Mr. Gilmartin, Marianne Flaherty submitted a letter in which she requests "that any and all cases that he may be involved with, be adjourned until such time, as he is able to resume this litigation." Am. Compl. Exh. D. This letter bears the initials "DK" which according to the amended complaint refers to Southampton Town Justice Deborah Kooperstein.

On January 25, 2001, James Flaherty failed to appear in the Justice Court regarding certain violations by him of the Town of Southampton's (the "Town") Fire Prevention Code. On March 14, 2001, Town Justice Barbara Wilson ("Justice

4

Wilson") issued a bench warrant commanding the plaintiff's appearance in Justice Court to face the pending charges. On March 27, 2001, Flaherty appeared before Justice Wilson *pro se*. Justice Wilson ordered that Flaherty be scheduled to undergo a Criminal Procedure Law §730.20 examination in order to determine if Flaherty had the mental capacity to understand the proceedings against him or if he was able to assist in his own defense (the "Examination"). Justice Wilson then released Flaherty on his own recognizance. Am. Compl. Exh. O.

The Examination was scheduled to be performed by Dr. William Packard at the Suffolk County Division of Community Mental Hygeine Services on May 2, 2001. At the Examination, Flaherty requested that he be able to tape-record the Examination to aid his memory. In support of his request to tape record the Examination, Flaherty claims that in a letter from Robert B. Devinney, Ph.D., a neuropsychologist, he recommended that Flaherty use a tape recorder to help him recall his tasks and to keep oral reminders. This letter, dated October 23, 2001 is attached to the Amended Complaint as exhibit J. Dr. Packard declined this request but told Flaherty that he could take notes during the Examination. Flaherty refused to be examined by Dr. Packard.

Thereafter, on June 28, 2001, Flaherty appeared before Justice Wilson who ordered that Flaherty undergo a psychiatric examination. Pursuant to this order, Flaherty was taken into custody and held pending the completion of a psychiatric

5

examination. On July 11, 2001, Flaherty underwent a psychiatric examination conducted by Nicholas D'Amato, Ph.D and Nicholas Aiello, Ph.D. at the Riverhead Correctional Facility. At that time it was determined that Flaherty had the capacity to understand the proceeding against him and to assist in his defense.

## II.   DISCUSSION

### A.   The Standards

#### 1.   Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment in the complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). The Second Circuit explains that:

> The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of *res judicata*, and identify the nature of the case so it may be assigned the proper form of trial.

*Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (internal quotations & citations omitted). *See also Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (noting that the principal purpose of pleadings under the Federal Rules is to afford the adverse party fair notice of the claim asserted in order to permit her to answer and prepare for trial). Although the amended complaint is somewhat confusing and ambiguous, the

P-049

amended complaint sets forth enough facts to consider the motions to dismiss on their merits.

### 2. Rule 12(b)(6)

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court should dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996). The court must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally. *See Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir. 2000) (citing *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999)). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

In addition, the Court must liberally interpret the complaint of a *pro se* plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972); *Williams v. Smith*, 781 F.2d 319, 322 (2d Cir. 1986). Nevertheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 92 (2d Cir. 1983) (citations omitted).

**B.    As to the Federal Causes of Action**

7

P-049

1.     **As to Section 1985**

   a.     **As to the Southampton Defendants**

Flaherty alleges that the Southampton defendants violated 42 U.S.C. §§1985(1), (2) and (3).

   i.     **Section 1985(1)**

Section 1985(1) does not apply to the instant case. This section prohibits two or more persons from conspiring to prevent, by force or intimidation, a person from accepting or holding office in the United States, or to induce any officer of the United States to leave the place where his duties are required to be performed.

   ii.     **Section 1985(2)**

Section 1985(2) prohibits two or more persons from conspiring to obstruct justice by intimidating a party, witness, or juror in any court of the United States. In order to state a claim under this subsection, a plaintiff must allege: (1) a conspiracy between two or more person, (2) to deter a witness by force, intimidation or threat from attending any court of the United States or testifying freely in a matter pending therein, which (3) causes injury to the claimant. *Herrera v. Scully*, 815 F. Supp. 713, 726 (S.D.N.Y. 1993) (citing *Chahal v. Paine Webber Inc.*, 725 F.2d 20, 23 (2d Cir. 1984)). To state a claim under Section 1985, a plaintiff " 'must provide some factual basis supporting a meeting of the minds, such that [the] defendants entered into an agreement, express or tacit, to achieve the unlawful end.' " *Webb v. Goord*, 340 F.3d

105, 110 (2d Cir. 2003) (quoting *Romer v. Morganthau*, 199 F. Supp. 2d 346, 363 (S.D.N.Y. 2000)).

With regard to this cause of action, Flaherty claims that

> Responsive to [the plaintiff's] Due Notice to Defendants GILMARTIN, Defendant JOHN DOE, and Defendant JACK DOE, conspired to intimidate, threaten [the] Plaintiff by use of force of Defendant SOUTHAMPTON JUSTICE COURT OFFICERS, from fully and testifying to matters pending in Southampton Town Justice Court, and a related matter involving a local Taxi Company, for which an action was subsequently commenced in the United States District Court, S.D.N.Y.

(Am. Compl. ¶ 167). Flaherty fails to allege that any meeting of the minds occurred or any facts that can be liberally construed as a conspiracy among any of the Southampton Defendants. In the Court's view, such conclusory allegations fail to state a claim under Section 1985(2). *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that a dismissal of "conclusory, vague or general allegations of conspiracy to deprive a person of a constitutional right" is proper); *Delbene v. Alesio*, No. 00 Civ. 7441, 2001 WL 170801, at *12 (S.D.N.Y. Feb. 21, 2001) (dismissing a Section 1985(2) cause of action for failing to state a claim).

With respect to this cause of action, James Flaherty also alleges that he had a "Forbearance Contract" dated August 3, 2000 with Justice Gilmartin in which he agreed to "toll [the] prosecution of [Flaherty]" for the offense cited in a bench warrant from the Southampton Town Court dated March 14, 2001. The "Forbearance

9

P-049

Contract" Flaherty speaks of refers to the August 2, 2000 letter from Marianne Flaherty to Justice Gilmartin in which she requests that all proceedings against Flaherty be tolled. Not only is there no indication that Justice Gilmartin consented to this request, but this letter is written under a different docket number than the proceedings in which Flaherty was commanded to appear. Thus, the Court finds no viable cause of action pleaded under Section 1985(2).

### iii.  Section 1985(3)

With respect to Section 1985(3), a plaintiff must allege (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *See Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). Significantly, the conspiracy must also be motivated by " 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action' *Thomas*, 165 F.3d at 146 (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs., Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993)). In addition, the plaintiff must allege that the conspiracy was " 'aimed at interfering with rights' that are 'protected against private, as well as official, encroachment.' " *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268, 122 L. Ed. 2d 34, 113 S. Ct. 753, 758 (1993) (quotation omitted).

With respect to this subsection, Flaherty failed to allege a conspiracy motivated by any racial or class-based animus. *See Temple of the Lost Sheep, Inc. v. Abrams*, 930 F.2d 178, 185 (2d Cir. 1991) (claim under 42 U.S.C. § 1985(3) dismissed as the complaint was "couched in terms of conclusory allegations and failed to demonstrate 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action' as required by § 1985"); *see also Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999).

Accordingly, all of the Section 1985 claims against the Southampton Defendants are dismissed.

    **b. As to the Suffolk County Defendants**

Flaherty also asserts causes of action under "Section 1985(2)(3)" against the Suffolk County Defendants for "induc[ing] Plaintiff . . .to appear for an impartial CPL 730 [independent medical examination] for injuries arising from [the Plaintiff's motor July 26, 2000 motor vehicle accident]," Am. Compl ¶ 199, and for failing to allow Flaherty to tape record the independent medical examination in violation of Section 137 of the New York State Workers Compensation Law. Am. Compl. ¶ 203. The Court fails to see the relevance between an examination conducted pursuant to the Workers Compensation Law and one in compliance with CPL § 730.20. Thus, the Court is in agreement with United States District Judge Denis R. Hurley:

    Simply stated, there is nothing in law to suggest that the

11

P-049

> right to tape an IME under § 137 of New York's Workers Compensation Law (for the purpose of assuring compensation for injuries in the course of employment) grants Plaintiff the right to tape an examination under Article 730 of New York's Criminal Procedure Law (for the purpose of determining whether Plaintiff is mentally competent to stand trial). Plaintiff mixes apples with oranges.

*Flaherty v. County of Suffolk*, 01-CV-4872, Memorandum and Order (May 9, 2002) (J. Hurley).

Although Flaherty includes a litany of allegations that various Southampton Justice Court personnel "obstructed justice and intimidated [the plaintiff]", In the Court's view, these allegations do not meet the heightened pleading requirements necessary to state a claim under Sections 1985(2) or (3). Accordingly, the Section 1985 causes of action against the Suffolk County Defendants are dismissed.

2.  **As to Section 1983**

Flaherty sets forth a litany of causes of action under Section 1983. In particular, Flaherty alleges that "for over twenty years [the defendants] have engaged in a continuous pattern of violation of plaintiff's civil rights, by unlawful discrimination against plaintiff, on racial and religious grounds, which began July, 1982 . . . ." Am. Compl. "Count X." In connection with these allegations, Flaherty alleges that the defendants discriminated against him on account of his status as an "Irish/Protestent lobster fisherman." Am. Compl. ¶ 210. Flaherty alleges that the

P-049

defendants are liable for, among other things, false arrest, false imprisonment, malicious prosecution, breach of the "forbearance contract," and for violations of the First, Fifth and Fourteenth Amendments. Flaherty's totally conclusory allegations fail to set forth any claim under Section 1983. *See Hankard v. Town of Avon*, 126 F.3d 418, 423 (2d Cir. 1997) ("[P]laintiff must make specific allegations that indicate a deprivation of constitutional rights; general, indirect and conclusory allegations are not sufficient").

Accordingly, the plaintiff's Section 1983 causes of action are dismissed as to all of the defendants.

### 3. As to The Americans with Disabilities Act

Flaherty also alleges that the defendants violated Title II of the Americans with Disability Act by refusing to allow Flaherty to tape record his Independent Medical Examination. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

To prove a violation of Title II, a party must establish: (1) that he is a "qualified individual" with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his

P-049

disability. *Hargrave v. Vermont*, 340 F.3d 27, 34 (2d Cir. 2003) (citing 42 U.S.C. § 12132).

Assuming that Flaherty's mental illness renders him a "qualified individual" under the ADA, Flaherty fails to satisfy the second element of a Title II cause of action, namely that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity.

Here, Flaherty does not claim that he was denied access to his independent medical examination. A failure to allege the exclusion from participation in a public entity's services, programs or activities "is a fundamental defect that may lead to the dismissal of the claims." *Atkins v. County of Orange*, 251 F. Supp. 2d 1225, 1232 (S.D.N.Y. 2003) (quotations omitted); *see also Lee v. State of New York Dep't of Corr. Servs.*, NO. 97 Civ. 7112, 1999 WL 673339, at *13 (S.D.N.Y. Aug. 20, 1999) (citing *Burgess v. Goord*, No. 98 Civ. 2077, 1999 WL 33458, at *7 (S.D.N.Y. Jan 26, 1999) (dismissing ADA claim where inmate did not allege that he was prevented from using a recreation yard or attending religious services because of his severe difficulty walking on stairs.)).

With respect to Flahery's claim that he was prevented from tape recording the examination, there is no legal basis for his allegation that such a denial is a violation of the ADA. To the contrary, at the hearing, Flaherty was offered a pen and paper to take notes but refused to do so. Am. Compl. Exh. "C," Letter from William S. Packard,

14

M.D. to Hon. Barbara Wilson, dated May 3, 2001. As Judge Hurley previously ruled, Flaherty's allegation that section 137 of the New York State Workers Compensation Law grants him the right to tape record the CPL 730.20 hearing is without merit.

In addition, with regard to Flaherty's claims that his neuropsychologist, Robert B. Devinney, Ph.D., recommended that he carry a tape recorder to "accommodate Plaintiff's certified disability," Am. Compl. ¶ 154, the Court notes that Dr. Devinney also recommended that Flaherty "use an organizer to write [his] appointments, . . . personal information, and any notes you would like to consult at a later time." Letter from Dr. Devinney to Flaherty, dated October 23, 2001. Flaherty does not allege that he was not permitted to take notes.

Accordingly, because Flaherty failed to allege that he was excluded from participation in a public entity's services, programs or activities, his claims under the Americans with Disabilities Act are dismissed.

C.   **As to the New York State Law Causes of Action**

The amended complaint includes numerous causes of action arising under New York State common law. Having dismissed all of the plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the plaintiffs state law claims. *See Arroyo v. City of New York, et al.*, No. 99 Civ. 1458, 2003 WL 22211500, at * 3 (S.D.N.Y. Sept. 25, 2003) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130 (1966)).

### D.     Leave to Amend

Having already granted the plaintiff leave to amend his complaint, the Court declines to grant the plaintiff another opportunity. In passing, the Court notes that Flaherty is a frequent litigator and has filed more than 20 actions in this Court in the past 15 years.

### E.     Motion to Stay Proceedings

As indicated above, also before the Court is a motion by Flaherty to stay the proceedings in this case. Having dismissed the amended complaint in its entirety with prejudice, this motion is now moot and is denied.

### III.     CONCLUSION

Based upon the foregoing it is hereby

**ORDERED**, that the motion by the Southampton Defendants to dismiss the causes of action against them is **GRANTED**; and it is further

**ORDERED**, that the Motion by the Suffolk County Defendants to dismiss the causes of action against them is **GRANTED**; and it is further

**ORDERED**, that the amended complaint is hereby dismissed with prejudice in its entirety; and it is further

**ORDERED**, that the motion by the plaintiffs to stay the proceedings is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

P-049

**SO ORDERED**.

Dated: Central Islip, New York
       July 15, 2004

_____
ARTHUR D. SPATT
United States District Judge

P-049